UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Saleem El-Amin,        ) <br> ) <br> Plaintiff,        ) <br> ) <br> v.        ) <br> ) <br> District of Columbia,        ) <br> ) <br> Defendant.        ) <br> ) | Case: 1:17-cv-00174   (F Deck) <br> Assigned To : Unassigned <br> Assign. Date : 1/27/2017 <br> Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

The plaintiff is a prisoner incarcerated at the United States Penitentiary in Inez, Kentucky. He has sued the District of Columbia. The plaintiff alleges:

> On May 7, 2014 the District of Columbia deprived me of my constitutional right by conditioning my right to travel and punishing my right to travel with incarceration . . . instead of restitution, community service, and five year sentence of probation for armed robbery. My right to travel has been condition[ed] and punished with incarceration for 30 months[.]

Compl. at 1-2. He seeks $300,000 from the District of Columbia "for restricting" his movement due to his prison sentence. *Id.* at 3.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a federal claim against the District of Columbia, the plaintiff "must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." *Warren v. D.C.*, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123-24 (1992); *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)).

Restricting a prisoner's movement is a necessary incident of incarceration. *See Jones v. Helms*, 452 U.S. 412, 421 (1981) (distinguishing misdemeanant's right to travel from that of "citizens whose right to travel had not been qualified in any way"). Furthermore, the right to travel is not absolute but rather "is a part of the 'liberty' of which a person cannot be deprived without due process of law." *Berrigan v. Sigler*, 499 F.2d 514, 519 (D.C. Cir. 1974); *see Castaneira v. Potteiger*, 621 Fed. App'x 116, 119 (3d Cir. 2015) (concluding that "[b]ecause Georgia, through the exercise of its police power, was authorized to impose the special condition of parole . . ., and because . . . a parolee does not enjoy an absolute right to travel, [plaintiff's] substantive due process claim failed as a matter of law"). The fact that the complaint arises from the plaintiff's conviction undermines any notion that the travel restrictions resulting from his incarceration were imposed in violation of the due process clause. Therefore, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: January 24, 2017

_____
Chief Judge